## INJUNCTION AGAINST ENCROACHMENT ON STREET.

Court of Appeals for Hamilton County.

PETER DREIDAME, A TAX-PAYER, v. THE CITY OF CINCINNATI,
FREDERICK S. SPIEGEL, CHRISTIAN R. HOLMES, HARRY L.
LAWS AND LOUIS S. LEVI, CONSTITUTING THE BOARD
OF HOSPITAL COMMISSIONERS OF SAID CITY.*

Decided, February 14, 1916.

*Vacation of Part of Street—For Use of Municipal Hospital—Enjoined
on Petition of Tax-Payer—On the Ground that No Public Neces-
sity for the Vacation Exists.*

The benefit which would result to the lawn and grounds of a municipal
hospital by enclosing therein a part of a public street does not
afford a sufficient reason for vacation of the street and consequent
injury to the public, and such use of the street will be enjoined
upon the petition of a tax-payer.

*Wm. Thorndyke,* for plaintiff.

*Walter M. Schoenle,* City Solicitor, and *Saul Zielonka,* Assist-
ant City Solicitor, contra.

JONES (E. H.), P. J.

This case comes into this court on appeal from the court of
common pleas.

The plaintiff, Peter Dreidame, first asked the city solicitor of
Cincinnati to bring the action, and upon the refusal of that
official brought the action in his own name as a tax-payer. He
seeks to enjoin the maintaining of an iron fence on the north
curb line of Goodman street in the city of Cincinnati, between
Burnet and Eden avenues.

At the request of the trustees of the new city hospital the
portion of Goodman street, between the north line of the street
and the north curb line thereof and extending from Burnet
avenue to Eden avenue, was vacated by the ordinance of the

*Motion for an order directing the Court of Appeals to certify its
record overruled by the Supreme Court, June 6, 1916.

city council. This was done at the instance and request of the trustees of said hospital, so as to permit them to enclose the strip so vacated and make it a part of the grounds or lawn of the hospital.

The case was submitted to us upon an agreed statement of facts. The ordinance vacating the portion of the street above described was repealed by the city council after the iron fence was built and the strip vacated was enclosed. Later this action was brought for injunction.

There was no showing made that there is any publc necessity for the vacation of said portion of the street or for the taking of this ground by the hospital authorities. By the erection of the fence the street at this point has been considerably narrowed and obstructed.

We are inclined to the opinion that under the circumstances as shown to the court an injury has thus been caused the general public here represented by plaintiff, for which there is no corresponding public necessity or demand for the ground taken which had been dedicated to the general public for street purposes. A permanent injunction will therefore be allowed against the maintenance of the iron fence and against the encroachment upon and the obstruction of the street caused thereby.

Jones (Oliver B.), J., and Gorman, J., concur.